UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DANIEL LEE JONES | CIVIL ACTION |
| VERSUS | NUMBER: 13-0056 |
| SHERIFF JERRY J. LARPENTER, ET AL. | SECTION: "C"(5) |

### REPORT AND RECOMMENDATION

Presently before the Court is the motion to dismiss or, in the alternative, motion for more definite statement of the Terrebonne Parish Consolidated Government ("TPCG") and defendants, Nurses Joe, Kelly, Kim, Tina, and Monica of the Terrebonne Parish Jail ("TPJ"). (Rec. doc. 15).  Plaintiff has filed no memorandum in opposition to the motion.[1]/  For the reasons that follow, it is recommended that the motion be granted and that plaintiff's suit be dismissed in its entirety, even as to the non-moving defendants.

Daniel Lee Jones, plaintiff herein, is an inmate of the TPJ in Houma, Louisiana.  In the above-captioned complaint which he filed

---

[1]/ As plaintiff has  filed no response to the motion, timely or otherwise,  the Court  may  properly  assume that  he  has  no opposition to it.  See Local  Rule  7.5; Bean v. Barnhart, 473 F.Supp.2d 739, 741 (E.D. Tex. 2007).

pro se and in forma pauperis, Jones complains of various substandard conditions which allegedly exist at the TPJ including food service sanitation, the provision of medical care, a lack of hot water, poorly regulated temperatures, and a lack of adequate sleeping arrangements which resulted in a fall and injuries. (Rec. doc. 1). In the motion that is presently before the Court, TPCG and the moving defendants argue, inter alia, that plaintiff failed to exhaust the Administrative Remedy Procedures that are in place at the TPJ. (Rec. doc. 15-1, pp. 3-5).

The Prison Litigation Reform Act ("PLRA"), as codified in 42 U.S.C. §1997e(a), provides that "[n]o action shall be brought with respect to prison conditions under section 1983...by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, or whether they allege excessive force or some other wrong. Porter v. Nussle, 534 U.S. 516, 525-27, 122 S.Ct. 983, 988-89 (2002). Although TCPG and the named defendant nurses have raised the affirmative defense of non-exhaustion in the motion that is presently before the Court, a case may properly be dismissed for failure to state a claim where the complaint itself makes clear that the prisoner has failed to exhaust. Carbe v. Lappin, 492 F.3d

325, 328 (5th Cir. 2007).

Just like the plaintiff in <u>Authement v. Terrebonne Parish Sheriff's Office</u>, No. 09-CV-5837, 2009 WL 4782368 at *7 (E.D. La. Dec. 3, 2009), plaintiff indicates on the face of his complaint that the TPJ has a grievance procedure in place at that institution. (Rec. doc. 1, p. 3). He also indicates that he did not present the facts set forth in his complaint to the prisoner grievance procedure because "[t]his do[e]s not pertain to [the] jail." (<u>Id</u>.). Accordingly, the TPCG and the moving defendants' motion should be granted and plaintiff's suit should be dismissed in its entirety with prejudice for failure to state a claim pursuant to 28 U.S.C. §1915(e)(2)(B)(2) and 42 U.S.C. §1997e(a). <u>Authement</u>, 2009 WL 4782368 at *1.[2]/ Although the other named defendants in this case, namely, the Sheriff of Terrebonne Parish and the Warden of the TPJ, did not join in the motion, the non-exhaustion argument applies with equal force to them and, in any event, non-exhaustion is apparent from the face of plaintiff's complaint. <u>Carbe</u>, 492 F.3d at 328.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the motion

---

[2]/ In light of dismissal recommended herein, the Court need not reach the additional and alternative grounds raised in the present motion.

to dismiss of the TPCG and the named nurse defendants be granted and that plaintiff's complaint be dismissed in its entirety with prejudice for failure to state a claim under 28 U.S.C. §1915(e)(2)(B)(2) and 42 U.S.C. §1997e(a).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this __11th__ day of ____April____, 20__.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

4